UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 10-28882 |
| SK HAND TOOL CORPORATION, | ) | Hon. Eugene R. Wedoff |
| et al.,[1] | ) | (Joint admin pending) |
| Debtors. | ) | |
| | ) | Hearing: Thurs., July 1, 2010 at 9:30 a.m. |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **Thursday, July 1, 2010 at 9:30 a.m.**, or as soon thereafter as may be possible, we shall appear before the **Honorable Judge Eugene R. Wedoff** or any other Judge sitting in his stead, in **Courtroom 744** of the Dirksen Federal Building, 219 South Dearborn, in Chicago, Illinois, and shall then and there present the attached **Emergency Motion for Entry of Interim Order Authorizing Debtor to (I) Obtain Debtor-in-Possession Financing, (II) Grant Security Interests, (III) Accord Priority Status, (IV) Set Final Hearing and (V) Obtain Related Relief,** and shall move the court for the entry of an order in accordance therewith.

SK HAND TOOL CORPORATION, TRIAT
INDUSTRIES, INC., and MCC BUSINESS, INC.

By: /s/ Colleen E. McManus
One of their proposed attorneys

Kurt M. Carlson ARDC No. 06236568
Colleen E. McManus ARDC No. 06243473
MUCH SHELIST DENENBERG
    AMENT & RUBENSTEIN, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: 312.521.2000
Email: cmcmanus@muchshelist.com

---

[1] The Debtors consist of SK Hand Tool Corporation (FEIN 36-3255336); MCC Business, Inc. (FEIN 20-4481772); and Triat Industries, Inc. (FEIN 13-3514526).

## CERTIFICATE OF SERVICE

Colleen E. McManus, an attorney, affirms that on June 29, 2010, she served a copy of the attached Motion for Entry of Order Directing Joint Administration of Related Cases upon those individuals listed on the attached service list either via overnight delivery, messenger delivery and/or by depositing same in the U.S. Mail from 191 N. Wacker Drive, Suite 1800, Chicago, Illinois.

/s/ Colleen E. McManus

## SK HAND TOOL CORPORATION SERVICE LIST

Office of the U.S. Trustee
219 S. Dearborn Street
Room 873
Chicago, IL 60604
**Via Messenger**

SK Hand Tool Corporation
3535 W. 47th Street
Chicago, IL 60632

Mark Robertson
Blackman Kallick
10 S. Riverside Plaza, 9th Floor
Chicago, IL 60606
**Via Messenger**

A.J. Manufacturing Co., Inc.
P.O. Box 92170
Elk Grove Village, IL 60009

Blue Cross Blue Shield of Illinois
P.O. Box 1186
Chicago, IL 60690

Bost Garnache Industries
B.P. 47-83 Pasteur Avenue
39602 Arbois Cedex
France

Central States SE & SW Pension Fund
c/o Anthony E. Napoli
9377 W. Higgins Road, 10th Floor
Rosemont, IL 60018
**Via Overnight Delivery**

Consolidated Sales Group, LLC
P.O. Box 1116
Elk Grove, CA 95759

Cook County Treasurer
P.O. Box 4488
Carol Stream, IL 60197

Facom - Morangis
6 rue Gusatve Eiffel
91423 Morangis Cedex
France

Kaiser Cray, Ltd.
Certified Public Accountants
1901 S. Meyers Road, Suite 230
Villa Park, IL 60181
**Via Overnight Delivery**

Kapon Enterprise Ltd.
No. 367 Pei Yang Road
Fengyuan City, Taiwan

Kingyear Co., Ltd.
No. 5 Alley 1
Fu Hsin Road
Taiwan

McCourt Marketing Group
1314 Centerview Circle
Akron, OH 44321
**Via Overnight Delivery**

Ningbo United Group, Ltd.
No. 31 Guangji Street
Ningbo, Puerto Rico

S&L Marketing
915 Clifton Avenue
Clifton, NJ 07013
**Via Overnight Delivery**

SPX Service Solutions
c/o Linda M. Watson
255 S. Old Woodward, 3rd Floor
Birmingham, MI 48009
**Via Overnight Delivery**

3

US Dept. of Labor-Solicitor Office
c/o Elizabeth R. Ashley
881 Fed. Off. Bldg., 1240 E. 9th St
Cleveland, OH 44199
**Via Overnight Delivery**

VO Investment, LLC
415 E. North Water Street
Chicago, IL 60611
**Via Messenger**

Waterloo Industries, Inc.
75 Remittace Drive, Suite 1014
Chicago, IL 60675
**Via Overnight Delivery**

West 55th Street Investors, LLC
Niscolson Porter & List, Inc.
1300 W. Higgins Road
Park Ridge, IL 60068
**Via Overnight Delivery**

Wright Tool Co.
P.O. Box 951798
Cleveland, OH 44193

Rosanne Thomas Matzat
Hahn & Hessen, LLP
488 Madison Avenue
New York, NY 10022
**Via Overnight Delivery**

Allen H. Guon
Shaw Gussis Fishman Glantz, et.al.
321 N. Clark Street, Suite 800
Chicago, IL 60654
**Via Messenger**

Michael A. Maricco
Courtney L. Hansen
Pension Benefit Guaranty Corporation
1200 K Street, NW
Washington, DC 20005-4026
**Via Overnight Delivery**

Mayer Silber
Internal Revenue Service
200 W. Adams Street, Suite 2300
Chicago, IL 60606
**Via Messenger**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 10-28882 |
| SK HAND TOOL CORPORATION, | ) | Hon. Eugene R. Wedoff |
| *et al.*,[1] | ) | (Joint admin pending) |
| Debtors. | ) | |
| | ) | Hearing: Thurs., July 1, 2010 at 9:30 a.m. |

**EMERGENCY MOTION FOR ENTRY OF INTERIM ORDER
AUTHORIZING DEBTOR TO (I) OBTAIN DEBTOR-IN-POSSESSION
FINANCING, (II) GRANT SECURITY INTERESTS, (III) ACCORD PRIORITY
STATUS, (IV) SET FINAL HEARING AND (V) OBTAIN RELATED RELIEF**

SK Hand Tool Corporation, debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, moves for permission to use obtain debtor-in-possession financing, grant security interests, accord priority status, set a final hearing on the financing and obtain related relief, pursuant to Bankruptcy Code Sections 363, 364(c) and Fed. R. Bankr. P. 4001 and 9006(b) and Local Bankruptcy Rule 4001-2, as follows:

1.       The following disclosures of certain terms contained in the Financing Order are made pursuant to Local Bankruptcy Rule 4001-2(A)(2):[2]

   a.    **Cross Collateralization Other Than As Adequate Protection**: No.

---

[1] The Debtors consist of SK Hand Tool Corporation (FEIN 36-3255336); MCC Business, Inc. (FEIN 20-4481772); and Triat Industries, Inc. (FEIN 13-3514526).

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Order.

b. **Findings Regarding Validity, Perfection Or Amount Of Secured Creditor's Lien Or Debt And Waiver Of Claims Against Secured Creditor:** Paragraphs (g), 1 and 24 of the Order contemplate the Debtors' stipulation regarding the validity, perfection, priority and amount of Webster's prepetition liens and the indebtedness in the approximate amount of $9.1 million. Pursuant to paragraph 25 of the Order, the Committee shall have an investigation period of forty-five days from its formation to commence an adversary proceeding against Webster for the purpose of challenging the validity, extent, priority, perfection and enforceability of Webster's pre-petition liens, mortgages and security interests in the Debtors' assets. If no Committee is formed, interested parties will have an investigation period of seventy-five days from the Order's entry within which to commence an adversary proceeding asserting such claims. In event an adversary proceeding is not timely commenced, all claims challenging the validity, extent, priority, perfection and enforceability of Webster's pre-petition liens, mortgages and security interests in the Debtors' assets shall be barred. Order, at ¶¶ (g), 1, 24 and 25.

c. **Waiver Of Rights Under Section 506(c):** No on an interim basis. But, on a final basis, the Order does seek a waiver of the estates' rights under § 506(c). Order, at ¶¶ 8-9.

d. **Liens On Chapter 5 Causes Of Action:** No on an interim basis. But, on a final basis, the Order does grant Webster a security interest in avoidance actions pursuant to §§ 544-50 and 553 solely as security for its Post-Petition Claim and only to the extent permitted in the Final Order. Order, at ¶ 5.

e. **Immediate Roll-Up Of Prepetition Debt Or Use Of Postpetition Loans To Pay Prepetition Debt (Other Than Under § 552(b)):** No.

f. **Different Treatment Of Professionals And Limit On Committee's Use Of Carve-Out:** Yes. Pursuant to Paragraph 6(c) of the Financing Order, the portion of the Carve-Out allocable to Committee professionals will be limited to $40,000. Further, pursuant to paragraph 6 of the Order, Webster has no Carve-Out obligations with respect to fees and expenses incurred in connection with any challenge to the validity, extent, priority, perfection and enforceability of the liens, mortgages and security interests granted to Webster by the Debtors prior to the Petition Date. Order, at ¶ 6.

g. **Priming Of Secured Liens Without Consent:** No. Order, at ¶ 5.

h. **Declaration Against Imposition Of Lender Liability:** No. But see Paragraph 24 of the Order on limitations on Webster's liability. Order, at ¶¶ 18 and 24(d)

i. **Relief From The Automatic Stay On An Expedited Basis And/Or Without Further Order Of The Court:** Yes. *See* Order, at ¶ 16(b) and (e).

2

2.      Pursuant to Local Rule 4001-2(A)(3), and to the extent not already described in this Motion, the following is a summary of other essential provisions of the proposed DIP Facility:

### The Maximum Borrowing On An Interim And Final Basis

a.      The Debtors request authority to borrow up to $9,250,000 on an interim and final basis.

### The Interest Rate

b.      The Post Petition Obligations shall bear interest the same as under the revolving line of credit in the Pre-Petition Obligations (referenced below and attached as Exhibit A): Base Rate (Prime) + 1.00%, which equals 4.25%.

### Maturity

c.      Pursuant to paragraph 29 of the, the Financing Arrangement shall be in effect for the period commencing with the Petition Date through and including July 31, 2010 (the "Expiration Date") unless otherwise extended from time to time pursuant to a mutually acceptable Budget for such extension periods: (a) as may be agreed to by Webster, Debtors and the Committee, without further order of the Court, or (b) as may be agreed to by Webster and Debtors, and authorized by further order of the Court; provided, however, that if a final order approving the Financing Arrangement, accompanied by a Budget, both acceptable to Webster in its sole and absolute discretion, has not been entered by the Court by the twentieth (20th) day following the date of this Interim Order or such later date as is acceptable to Webster in its sole and absolute discretion (the "Interim Expiration Date"), then the Expiration Date shall be the Interim Expiration Date.

### Events of Default

d.      The Order incorporates the definition of "Event of Default" from the Prepetition Agreements and those events specifically identified in Paragraph 15 of the Order.

### Use of Funds Limitations

e.      Pursuant to paragraph 2 of the Order, the Debtors are authorized to use funds advanced under the Financing Arrangement to fund expenses as set forth in the Budget. Pursuant to paragraph 6 of the Order, Webster "shall have no Carve-Out obligations with respect to fees and expenses incurred in connection with any challenge to (and with respect to the Debtors' Professionals, challenge to and investigation of) the validity, extent, priority, perfection and enforceability of the liens, mortgages and

3

security interests granted to [Webster] by the Debtors prior to the Petition Date." Order, at ¶¶ 2, 6.

### Borrowing Conditions

  f. Other than the conditions otherwise stated in this Motion with regard to the conferral of liens, superpriority, and adequate protection pursuant to the Order, Webster has conditioned its postpetition loans to the Debtors upon (i) the continued retention of Blackman Kallick as the Debtors' chief restructuring/financial advisor; (ii) the approval of a § 363 sale process of the Debtors' operating assets according to the following timeline: (x) the entry of an order approving the bidding procedures by July 6, 2010, (y) the sale hearing by July 26, 2010, (z) and the closing of the sale on or before July 29, 2010; (iii) the Final Hearing with respect to the Order taking place on or before July 26, 2010; and (iv) the reaffirmation of existing guaranties of Claude Fuger and Clifford Rusnak to cover the postpetition loans. Order, at ¶ 16.

### The Budget

  g. The Budget is attached as <u>Exhibit B</u> to the proposed Order. Paragraph 29 of the Order contemplates that the Budget may be extended from time to time pursuant to a mutually acceptable Budget for such extension periods: (a) as may be agreed to by Webster, Debtors and the Committee, without further order of the Court, or (b) as may be agreed to by Webster and Debtors, and authorized by further order of the Court. Paragraph 15(f) provides that the Debtors' actual cash disbursements may be up to $25,000 more than the cumulative budgeted amount without constituting an Event of Default under the Order. Order, at ¶¶ 29 and 15(f).

### §§ 363 and 364 Protections

  h. Pursuant to paragraphs 4 and 5 of the Order, subject to the Carve-Out, the Post-Petition Obligations (i) will be accorded superpriority administrative expense status with priority over all costs and expenses of administration of the cases incurred under any section of the Bankruptcy Code, and (ii) will be secured by valid and perfected liens under §§ 362, 363(e), and 364(c) for Webster's Post-Petition Claim. Order, at ¶¶ (i), 4, 5, 10.

### Factual Background

  3. On June 29, 2010, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

  4. The Debtor was founded in Chicago in 1921 as a manufacturer of hand tools and power tools, which it distributes through independent dealers. It has manufacturing facilities in Chicago and Defiance, Ohio, although Defiance is currently not operating. In April 2005, the

4

Debtor's new management team created a new company, MCC Business, Inc., which purchased the Debtor's parent company, Strafor Facon, Inc. n/k/a Triat Industries, Inc., and its subsidiary, *i.e.*, the Debtor.

5. The Debtor has experienced a significant decline in earnings caused by several economic conditions, for example, loss of certain top customers (including government contracts); increasing labor costs; the impact of the recession on industries upon which the Debtor depends for sales, *e.g.*, automotives; and the cost of an under-utilized, leased distribution facility in McCook, Illinois.

6. At the time of this bankruptcy filing, the Debtor owed its secured lender, Webster, approximately $9 million and owed the Pension Benefit Guaranty Corporation approximately $2.5 million pursuant to pension fund contributions it failed to make, which failure resulted in a lien in favor of PBGC.

7. The Debtor seeks to preserve the value of its assets with the goal of conducting an orderly liquidation of its assets in Chapter 11.

8. The Debtor's pre-petition lending relationship with Webster is founded in the Credit And Security Agreement dated April 20, 2005 and related loan documents (attached to the Order as Group Exhibit A), comprised of (a) a revolving credit loan in the principal maximum amount of up to $9,750,000 and (b) term loans in the aggregate principal amount of $5,182,000. Webster's collateral consists of all of the Debtor's assets, *e.g.*, accounts receivable, intellectual property, real estate.

**Requested Relief**

9. The Debtor requires debtor-in-possession financing in order to operate its business and preserve the value of its assets while it negotiates a sale.

5

10. The Debtor's dire financing situation renders it unable to obtain unsecured credit for the foregoing purposes and, thus, requests the Court to authorize it to obtain a secured loan pursuant to Sections 363 and 364(c).

11. The Debtor requests a final hearing date on DIP financing no later than July 26, 2010, with a deadline for objections shortly before that hearing.

12. Notice of this Motion has been sent to the U.S. Trustee, counsel for Webster, the PBGC and the 20 largest creditors. Notice of entry of the Order will be served more widely, as provided for in the Order.

13. This motion was filed as an emergency because, without authority to obtain debtor-in-possession financing, the Debtor will not be able to pay crucial expenses, *e.g.*, payroll, raw materials, utilities, insurance, and its ability to preserve value for a sale will be severely jeopardized.

**WHEREFORE**, the Debtor respectfully requests that this Court:

(i) authorize the Debtor to obtain debtor-in-possession financing, grant security interests and accord super-priority administrative expense status according to the terms and conditions in the Order;

(ii) schedule a final hearing on this motion;

(iii) approve emergency notice of this motion; and

(iv) grant such other and further relief as may be just and proper under the circumstances.

**SK HAND TOOL CORPORATION**

By: /s/ Colleen E. McManus
    One of its proposed attorneys

Kurt M. Carlson ARDC No. 06236568
Colleen E. McManus ARDC No. 06243473
MUCH SHELIST DENENBERG
    AMENT & RUBENSTEIN, P.C.
191 No. Wacker Driver, Suite 1800
Chicago, Illinois 60606
Telephone: 312.521.2000
Email: cmcmanus@muchshelist.com

7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | Case No. 10-28882 |
| SK HAND TOOL CORPORATION, ) | Hon. Eugene R. Wedoff |
| *et al.*,[1] ) | (Joint admin pending) |
| Debtors. ) | |
| ) | Hearing: Thurs., July 1, 2010 at 9:30 a.m. |

### RULE 9011 CERTIFICATION REGARDING
### REQUEST FOR EMERGENCY HEARING

I hereby certify, as a member of the Bar of this Court, that I have carefully examined this matter and that there is a true necessity for an emergency hearing.

I certify further that the necessity for this emergency hearing has not been caused by any lack of due diligence on my part but has been brought about only by the circumstances of this case, which are explained in the attached motion.

Dated: June 29, 2010.

/s/ Colleen E. McManus

Colleen E. McManus ARDC No. 062434373
**Much Shelist Denenberg Ament & Rubenstein, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606
Telephone: 312-521-2000
Email: cmcmanus@muchshelist.com

---

[1] The Debtors consist of SK Hand Tool Corporation (FEIN 36-3255336); MCC Business, Inc. (FEIN 20-4481772); and Triat Industries, Inc. (FEIN 13-3514526).